# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ELECTRALED, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASTERA LED TECHNOLOGY GMBH, <br><br> Defendant. | Case No. 2:24-cv-00512-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**DEFENDANT ASTERA LED TECHNOLOGY GMBH'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2)
AND FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND..................................................................................................1

III. ISSUES REQUIRING RESOLUTION ..................................................................................2

IV. STATEMENT OF LAW.........................................................................................................2

    A. Rule 12(b)(2)..............................................................................................................2

    B. Rule 12(b)(6) and *Twombly* ......................................................................................3

V. ARGUMENT..........................................................................................................................4

    A. Lack of Personal Jurisdiction....................................................................................4

        1. Astera Is Not Subject to General Personal Jurisdiction in Texas ............... 4

        2. Astera Is Not Subject to Specific Personal Jurisdiction In Texas............... 5

            a. Astera Did Not Purposefully Direct Activities at Texas That Gave Rise to the Claim ........................................................................... 6

            b. Assertion of Personal Jurisdiction over Astera is Unreasonable .... 7

        3. Federal Rule of Civil Procedure 4(k)(2) Does Not Apply ......................... 9

    B. Failure to State a Claim...........................................................................................10

        1. The Complaint Fails to Adequately Plead Direct Infringement ............... 10

        2. The Complaint Fails to Adequately Plead Indirect Infringement............. 11

        3. The Complaint Fails to Adequately Plead Willful Infringement.............. 12

V. CONCLUSION.....................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
  689 F.3d 1358 (Fed. Cir. 2012)..................................................................................................2

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
  480 U.S. 102 (1987)..............................................................................................................7, 8, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................................3, 10, 11

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009)..................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................................................3

*Celgard, LLC v. SK Innovation Co., Ltd.*,
  792 F.3d 1373 (Fed. Cir. 2015)..................................................................................................2

*Cellport Sys., Inc. v. Harman Int'l Indus. Inc.*,
  No. 4:22-CV-808-SDJ, 2024 WL 1337338 (E.D. Tex. Mar. 28, 2024) ............................5, 6, 7

*Chapterhouse, LLC v. Shopify, Inc.*,
  No. 2:18-cv-00300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ........................................11

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ...................11, 12

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)..........................................................................................................3, 4, 5

*Finjan, Inc. v. Cisco Sys., Inc.*,
  No. 17-cv- 00072-BLF, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017).....................................13

*Fractus, S.A. v. TCL Corp.*,
  No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) ................................13

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010)................................................................................................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)....................................................................................................................3

*In re HTC Corp.*,
    889 F.3d 1349 (Fed. Cir. 2018) ..................................................................................9

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
    326 U.S. 310 (1945) ...................................................................................................3

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
    420 F.3d 1369 (Fed. Cir. 2005) ................................................................................10

*Polar Electro Oy v. Suunto Oy*,
    No. CV 11-1100-GMS, 2017 WL 3713396 (D. Del. Aug. 29, 2017) .......................8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016) ................................................................................11

*Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd.*,
    No. 2:21-cv-00045-JRG, 2022 WL 17357774 (E.D. Tex. Oct. 13, 2022) ...........7, 10

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
    563 F.3d 1285 (Fed. Cir. 2009) ..................................................................................9

*Touchcom, Inc. v. Bereskin & Parr*,
    574 F.3d 1403 (Fed. Cir. 2009) ..................................................................................9

*Trustees of Purdue Univ. v. STMicroelectronics N.V.*,
    No. 6:21-CV-727-ADA, 2022 WL 1242475 (W.D. Tex. Apr. 27, 2022) ....... *passim*

**Statutes**

28 U.S.C. § 1391(c)(3) ..........................................................................................................9

28 U.S.C. § 1404(a) ............................................................................................................10

28 U.S.C. § 1406(a) .........................................................................................................9, 10

35 U.S.C. § 271(a) ..............................................................................................................10

**Other Authorities**

Federal Rule of Civil Procedure 4(k)(2) ..........................................................................1, 9

Federal Rules of Civil Procedure Rule 12(b)(2) ..............................................................1, 2

Federal Rules of Civil Procedure Rule 12(b)(6) ..............................................................1, 3

I.  **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Astera LED Technology GmbH ("**Astera**") moves to dismiss this case brought by Plaintiff ElectraLED, Inc. ("**ElectraLED**").

*First*, this case should be dismissed for lack of personal jurisdiction under Rule 12(b)(2). Astera is a German company with its principal place of business in Munich, Germany. It does not solicit or conduct any business in Texas or elsewhere in the United States. Nor does it distribute or ship any products to Texas or elsewhere in the United States. Thus, there is no basis for this Court to exercise personal jurisdiction over Astera. In the complaint, ElectraLED makes conclusory allegations that Astera engages in infringing activities in the State of Texas and that Astera places the accused products into the stream of commerce knowing that they will be sold in Texas. But these allegations have no factual support and are directly contradicted by Astera's affidavits. Additionally, the "federal long-arm statute" Fed. R. Civ. P. 4(k)(2) does not apply here because Astera would be amenable to suit in the Southern District of Florida. For these reasons, this case should be dismissed for lack of personal jurisdiction.

*Second*, ElectraLED fails to sufficiently plead a claim of direct infringement because it fails to allege any specific infringing acts that Astera has committed in the United States. Additionally, the complaint is devoid of any facts from which the Court can plausibly infer that Astera is engaged in indirect infringement or willful infringement. Thus, this case should also be dismissed for failure to state a claim.

II. **FACTUAL BACKGROUND**

ElectraLED filed the complaint in this action on July 10, 2024, asserting U.S. Patent No. 7,651,245 (the "245 Patent"). Dkt. 1 at ¶¶ 10, 23-29. ElectraLED accuses Astera's light fixtures, including the AX9 Power Par (the "Accused Products") of infringing, and also alleges that Astera

1

engages in indirect and willful infringement. In the complaint, ElectraLED alleges that Astera is "subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute" at least due to Astera's substantial business in Texas. *Id*., ¶ 5. ElectraLED further alleges that Astera "transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District." *Id*., ¶ 6.

### III.   ISSUES REQUIRING RESOLUTION

1. Whether this Court can exercise personal jurisdiction over Astera.

2. Whether ElectraLED sufficiently pleads direct infringement.

3. Whether ElectraLED sufficiently pleads indirect infringement.

4. Whether ElectraLED sufficiently pleads willful infringement.

### IV.   STATEMENT OF LAW

#### A.   Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) requires the Court to dismiss claims where it lacks personal jurisdiction over the defendant. Federal Circuit law, rather than regional circuit law, applies to personal jurisdiction issues in a patent infringement case. *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015). ElectraLED bears the burden of making a *prima facie* showing that Astera is subject to personal jurisdiction in Texas. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012). "The court accepts as true allegations in the plaintiff's complaint, except when they are contradicted by the defendant's affidavits." *Trustees of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-727-ADA, 2022 WL 1242475, at *1 (W.D. Tex. Apr. 27, 2022).

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether

2

assertion of personal jurisdiction violates due process." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). "Since Texas long-arm statute extends to the limits of due process, . . . the Court need only focus on the due process aspects of the personal jurisdiction question." *STMicroelectronics*, 2022 WL 1242475 at *2.

Courts may exercise personal jurisdiction on two bases: general or specific jurisdiction. *Id*. For **general jurisdiction**, a defendant must have affiliations with the forum state "so continuous and systematic as to render [the foreign defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). **Specific jurisdiction** may exist when "the suit arises out of or relates to the defendant's contacts with the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011) (internal quotation marks omitted). For due process to be satisfied pursuant to specific jurisdiction, Defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal citations and quotation marks omitted).

B.  **Rule 12(b)(6) and *Twombly***

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3

V.     ARGUMENT

   A.     **Lack of Personal Jurisdiction**

This case should be dismissed because this Court cannot exercise personal jurisdiction over Astera pursuant to either general jurisdiction or specific jurisdiction.

   1.     **Astera Is Not Subject to General Personal Jurisdiction in Texas**

Texas courts do not have general personal jurisdiction over Astera. "A corporation is only subject to general jurisdiction when its contacts with the state are so 'continuous and systematic' they render it 'essentially at home' in the forum state." *STMicroelectronics*, 2022 WL 1242475, at *2 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014)). "The paradigm all-purpose forums for general jurisdiction" where Defendant can be fairly regarded as "at home" "are a corporation's place of incorporation and principal place of business." *Daimler AG*, 571 U.S. at 118.

Astera is a German company, organized under the laws of Germany with its principal place of business in Munich, Germany. Canins Decl., ¶ 3.[1] Moreover, Astera is not registered to do business in Texas. *Id*., ¶ 4. It does not have employees; does not have offices or other physical places of business; does not solicit business; does not make or sell any products or services; and does not otherwise conduct commercial operations in the State of Texas. *Id*. Thus, it is not "at home" in Texas, and is not subject to general personal jurisdiction there.

In the complaint, ElectraLED acknowledges that "Astera is a German corporation with its headquarters at Schatzbogen 60, 81829 Munich, Germany." Dkt 1., ¶ 2. Nonetheless, it alleges, without any factual support that Astera is "subject to this Court's general and specific jurisdiction . . . due at least to Defendant's ***substantial business*** in the State of Texas and this

---

[1] "Canins Decl." refers to the accompanying Declaration of Simon Canins, filed herewith.

4

District." *Id.*, ¶ 5. At the outset, such allegation is directly contradicted by Mr. Canins' declaration. Even if it is true (which is not), having "substantial business" in Texas is not sufficient to establish an "exceptional case" such that a state will have general jurisdiction over a corporation outside of its place of incorporation and principal place of business. *Daimler AG*, 571 U.S. at 138-39 ("[T]he inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State.")

Because Astera is not incorporated in Texas, does not have its principal place of business in Texas, and does not otherwise have "continuous and systemic" connections with Texas that renders it "essentially at home" there, this Court does not have general jurisdiction. *Id*; *see also Cellport Sys., Inc. v. Harman Int'l Indus. Inc.*, No. 4:22-CV-808-SDJ, 2024 WL 1337338, at *3 (E.D. Tex. Mar. 28, 2024) (finding Texas courts do not have general personal jurisdiction over a German corporation with a principal place of business in Germany).

### 2. Astera Is Not Subject to Specific Personal Jurisdiction In Texas

Texas courts do not have specific personal jurisdiction over Astera either. "The Federal Circuit applies a three-prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *STMicroelectronics*, 2022 WL 1242475, at *2 (citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)). "The plaintiff has the burden to show minimum contacts exist under the first two prongs, but the defendant has the burden of proving the exercise of jurisdiction would be unreasonable under the third." *Id*. (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)). ElectraLED has not

5

shown and cannot show that Astera purposefully directed activities at residents of the forum and that the claim arises out of or relates to Astera's activities within Texas. Moreover, it would offend traditional notions of fair play and substantial justice for this Court to exercise specific jurisdiction over Astera.

### a. Astera Did Not Purposefully Direct Activities at Texas That Gave Rise to the Claim

The Canins declaration confirms that Astera did not, and does not, purposefully direct any activities at Texas that could give rise to the patent infringement claim in this case. Astera is a German company that operates outside of Texas and the United States. Astera does not solicit or conduct *any* business in Texas or elsewhere in the United States. It does not distribute or ship *any* products to Texas or elsewhere in the United States, and it does not design, manufacture, import, transport, sell or offer to sell the Accused Products in Texas or elsewhere in the United States. Canins Decl., ¶¶ 4-8.

In the complaint, ElectraLED fails to allege any specific acts that Astera has committed in Texas other than generally, and incorrectly, alleging that Astera "willfully [uses] the infringing methods and systems throughout the State of Texas and this District." Dkt. 1, ¶ 6. But this is directly contradicted by Mr. Canins' Declaration. Canins Decl., ¶ 4; *Cellport*, 2024 WL 1337338, at *4 ("When unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegations.") ElectraLED further alleges that Astera "relies on the infringing light fixtures to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District." Dkt. 1, ¶ 6. But such threadbare allegation is also expressly contradicted by the Canins Declaration. Again, Astera does not distribute or ship *any* products to Texas or elsewhere in the United States and it does not import, transport, sell, or offer to sell the Accused Products in

Texas or elsewhere in the United States. Canins Decl., ¶¶ 4-5, 8. Thus, ElectraLED fails to show that Astera has the requisite minimum contacts with Texas. *See Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd.*, No. 2:21-cv-00045-JRG, 2022 WL 17357774, at *8 (E.D. Tex. Oct. 13, 2022) (granting motion to dismiss for lack of personal jurisdiction where the foreign defendant itself does not place its products into the stream of commerce in the United States); *Cellport*, 2024 WL 1337338, at *3 (holding that the court does not have personal jurisdiction where the foreign defendant has not transferred or shipped the accused products in or to Texas or elsewhere in the United States); *STMicroelectronics*, 2022 WL 1242475, at *5 (granting motion to dismiss for lack of personal jurisdiction where "[Plaintiff] fails to make a *prima facie* case that [the foreign defendant] has shipped any Accused Products to Texas through an established distribution channel").

### b.  Assertion of Personal Jurisdiction over Astera is Unreasonable

The evaluation of the "reasonableness" and "fairness" of exercising jurisdiction depends on multiple factors, including: (1) "the burden on the defendant"; (2) "the forum State's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining relief"; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987). Here, the exercise of jurisdiction over Astera, a foreign company with no contacts in the State of Texas, would be unreasonable and offend "traditional notions of fair play and substantial justice." *Id.*

First, it would be unduly burdensome for Astera to litigate in Texas. Astera maintains its principal place of business in Germany, and it has no physical presence in Texas or elsewhere in the United States. It will be forced to submit itself to a foreign nation's judicial system and travel significant distance to Texas to defend itself. The fact that Astera does not solicit or conduct any

7

business in the State of Texas further exacerbates its burden, as it cannot "reasonably anticipate being haled into court" in Texas due to the lack of contacts. The Supreme Court has instructed that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114. Thus, the first factor weighs strongly against exercising personal jurisdiction over Astera. *See e.g., Polar Electro Oy v. Suunto Oy*, No. CV 11-1100-GMS, 2017 WL 3713396, at *5 (D. Del. Aug. 29, 2017) (finding the burden on the foreign defendant is extremely high considering its attenuated connections to the forum state).

Second, Texas has no legitimate interest in this case. Again, Astera is a German company that does not solicit and conduct any business in Texas. Plaintiff also does not reside in Texas – it is incorporated in Delaware and has its principal place of business in Florida. Thus, the second factor also weighs in favor of Astera. *Asahi*, 480 U.S. at 114 (finding that "[the forum state's] legitimate interests in the dispute have considerably diminished" where Plaintiff is not a resident thereof).

Third, as explained below, ElectraLED has no viable claim against Astera because it has not and cannot show Astera performed any infringing activities within the United States. *See infra* Section V.B.1. Thus, it is not entitled to any relief. In any event, "this is not a situation where [ElectraLED] would be left without remedy if [Texas] could not exercise personal jurisdiction over [Astera]." *Polar Electro*, 2017 WL 3713396, at *6. Thus, this factor weighs against exercising jurisdiction. *Id*.

As to the fourth and fifth factors, where an alien defendant is involved, these factors "call[] for a court to consider the procedural and substantive policies of other *nations* whose

interests are affected by the assertion of jurisdiction." *Asahi*, 480 U.S. at 115. The Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending out notions of personal jurisdiction into the international field." *Id*. Here, considering that Astera is a German company that does not solicit or conduct any business in Texas or elsewhere in the United States and that ElectraLED is likely not entitled to any relief, there is indeed no efficiency to be gained or fundamental substantive social policies to be served by exercising jurisdiction over Astera. These two factors weigh in favor of Astera.

Given the heavy burden on Astera, and the lack of legitimate interests on the part of ElectraLED and the State of Texas, exercising personal jurisdiction by this Court over Astera in this case would be unreasonable and unfair. *See Asahi*, 480 U.S. at 116.

### 3. Federal Rule of Civil Procedure 4(k)(2) Does Not Apply

Fed. R. Civ. P. 4(k)(2) does not apply here because Astera would submit to jurisdiction in the Southern District of Florida. Rule 4(k)(2) "allow[s] a court to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293-94 (Fed. Cir. 2009). Rule 4(k)(2) does not apply if Defendant identifies a state in which it would submit to personal jurisdiction. *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009). Here, Astera would submit to jurisdiction in the Southern District of Florida ("SDFL"), where Plaintiff is located and where witnesses and evidence relating to importation and sales of the Accused Products may be located. Canins Decl., ¶ 11. Venue is proper in SDFL under 28 U.S.C. § 1391(c)(3). *In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) (applying § 1391(c)(3) to patent cases). Accordingly, should this Court grant the motion, it can transfer the case to SDFL pursuant to §

1406(a), instead of dismissal.² *See Stingray*, 2022 WL 17357774, at *9 (transferring under § 1406(a) instead of dismissing the case after finding the court lacks personal jurisdiction).

### B.   Failure to State a Claim

#### 1.   The Complaint Fails to Adequately Plead Direct Infringement

The complaint must also be dismissed as to direct infringement for failure to state a plausible claim.

Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention . . . infringes the patent." "It is well-established that the reach of section 271(a) is limited to infringing activities that occur *within* the United States." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) (emphasis added). Astera is a German corporation that is not registered to do business anywhere in the United States. *See* Canins Decl., ¶¶ 3, 4; Dkt. 1, ¶ 2.

In the complaint, ElectraLED makes conclusory allegations that Astera "without authority, continues to make, use, sell, offer to sell, and/or import into the United States its Accused Instrumentalities." Dkt. 1, ¶ 24. But "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. 662, 663 (2009). ElectraLED speculates that Astera must have used the accused product "as part of its ongoing and regular testing and/or internal legal compliance activities," but never alleges that these activities occurred within the United States, because it cannot. Dkt. 1, ¶ 26. Similarly, ElectraLED alleges that Astera "is a direct infringer by virtue of its branding and marketing activities," again without alleging any of

---

² Defendant also plans to file a motion to transfer pursuant to 28 U.S.C. § 1404(a) to separately seek to transfer the case to SDFL.

these activities occurred within the United States. *Id*. ElectraLED also vaguely alleges that Astera uses the accused product "at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via reseller, distributors and its Internet domain web pages." *Id*. But it does not allege that Astera "assembled the combined infringing elements" in the United States, nor does it allege that Astera itself sells or offers to sell the accused products in the United States, because it cannot.

Because the complaint is devoid of any facts from which the Court can plausibly infer that Astera performed any infringing acts within the United States, the direct infringement claim should be dismissed.

### 2. The Complaint Fails to Adequately Plead Indirect Infringement

Additionally, the complaint must be dismissed as to the claims of indirect infringement for failure to state a plausible claim.

To state a claim for induced infringement, one must plead (1) underlying direct infringement by another and (2) that the defendant undertook an affirmative act to encourage infringement, with knowledge that its actions would cause infringement. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). Here, the complaint does not identify any specific third-party direct infringer, but simply makes general allegations that Astera "actively and knowingly aiding and abetting infringement of **others** . . . with the specific intent to induce **others** to directly [infringe]." Dkt. 1, ¶ 27 (emphasis added). Because the complaint fails to put Astera on notice of the allegations against it, the induced infringement claim should be dismissed. *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300, 2018 WL 6981828, at *4 (E.D. Tex. Dec. 11, 2018) ("By failing to include even general allegations stating how Shopify indirectly infringes or how some other party, such as a customer, directly infringes at the behest of Shopify, Plaintiff has failed to provide adequate notice."); *Core Wireless Licensing*

11

*S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (dismissing inducement claim because complaint failed to provide defendant with adequate notice).

To state a claim for contributory infringement, one must plead: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). Here, the complaint similarly makes general allegations that Astera is contributorily infringing by "making, using, selling, offering for sale, and/or importing, **material parts** of the inventions in the '245 Patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use" and that Astera knows "**the accused parts** to be especially made or especially adapted for use in an infringement of the '245 claims." Dkt. 1, ¶ 28 (emphasis added). However, **it never identifies the purported "parts"** (*e.g.*, in the accused products or otherwise) that are allegedly being used to infringe the asserted patent. The complaint is also devoid of any facts from which the Court can plausibly infer that any such "parts" being sold have no substantial non-infringing uses. Thus, ElectraLED fails to sufficiently plead contributory infringement, and the claim should be dismissed. *See, e.g.*, *Core Wireless*, 2015 WL 4910427, at *5.

### 3. The Complaint Fails to Adequately Plead Willful Infringement

In the complaint, ElectraLED seeks enhanced damages and states in passing that Astera became aware of the asserted patent when the original complaint was filed, has infringed with knowledge of the patent, and thus is liable for willful infringement. Dkt. 1, ¶ 29. However, the complaint does not plead any facts describing how Astera's conduct is willful and egregious beyond the alleged typical infringement. It is insufficient to allege only notice of the patent asserted without any factual allegations demonstrating, or from which one can infer, culpable conduct. *See*

12

*Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021) (dismissing willful infringement claim where complaint alleges only notice of the patents-in-suit but "does not allege any culpable conduct or any set of facts supporting an inference of culpable conduct"); *see also Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv- 00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. Jun. 7, 2017) (dismissing plaintiff's willful infringement claim because the complaint failed to provide sufficient factual allegations that Defendant's behavior was "egregious . . . beyond typical infringement"). Because the complaint does not provide sufficient factual detail from which one can plausibly infer that Astera has engaged in deliberate or intentional culpable conduct of any kind, the willful infringement claim should be dismissed in its entirety. *See, e.g.*, *Fractus*, 2021 WL2483155 at *4.

## V.   CONCLUSION

For the reasons discussed above, (1) this case should be dismissed for lack of personal jurisdiction, and (2) ElectraLED's infringement claims should be dismissed for failure to state a claim.

| | |
|---|---|
| Dated: October 28, 2024 | Respectfully submitted,<br><br>*/s/ Shaun W. Hassett, with permission for Joseph J. Raffetto*<br><br>**HOGAN LOVELLS US LLP**<br>Joseph J. Raffetto<br>Hogan Lovells US LLP<br>555 Thirteenth St, NW<br>Washington, DC 20004<br>Telephone: (202) 637-5703<br>Facsimile: (202) 637-5910<br>Email: joseph.raffetto@hoganlovells.com<br><br>**POTTER MINTON, PC**<br>Michael E. Jones (SBN: 10929400)<br>Shaun W. Hassett (SBN: 24074372)<br>102 N College, Suite 900<br>Tyler, TX 75702<br>Tel: (903) 597-8311<br>Fax: (903) 593-0846<br>Email: mikejones@ptterminton.com<br>Email: shaunhassett@potterminton.com<br><br>*Counsel for Defendant Astera LED Technology GmbH* |