IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ElectraLED, Inc.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**Astera LED Technology GmbH, Astera Manufacturing Limited and Astera Distribution Limited,**<br><br>    **Defendants.** | Case No. 2:24-cv-00512-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) filed by Astera LED Technology GmbH ("Astera Germany"), Astera Manufacturing Limited ("Astera China"), and Astera Distribution Limited ("Astera Hong Kong"). **Dkt. No. 29**. For the reasons discussed below, the Motion is **GRANTED**.

### I. BACKGROUND

On July 10, 2024, Plaintiff ElectraLED, Inc. filed the instant suit. Dkt. No. 1. Plaintiff alleges that the Astera Defendants infringe U.S. Pat. No. 7,651,245. Dkt. No. 15 (First Amended Complaint) at 10-12. Defendants filed the instant Motion to Transfer on February 14, 2025. Dkt. No. 29. In the Motion, Defendants request that the Court transfer this case to the Southern District of Florida ("SDFL"). *Id.* at 1. Briefing on the instant Motion to Transfer is complete.

### II. LEGAL STANDARD

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed

transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. *See Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

Regarding the propriety of venue specifically, the Judicial Code provides that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and established place of business in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

In reversing a district court's grant of a transfer motion, the Fifth Circuit recently emphasized that "it is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (citing *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)). "[S]howing "good cause" requires the movant to "clearly demonstrate" that its chosen venue is "clearly more convenient." *Id.* (internal citations and quotations omitted). That standard is not met if the movant merely shows that the transferee venue is more likely than not to be more convenient. *Id.* (internal citations and quotations omitted). Likewise, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer. *Id.* (internal citations and quotations omitted). "[T]o establish good cause, a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.* (emphasis in original).

In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of

3

the non-movant. *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

### III.   ANALYSIS

A motion to transfer under 1404(a) carries a high burden. *See generally In re Clarke*, *supra*. Here, Defendants have successfully met that burden.

#### A.   Propriety of the Transferee Forum

Defendants contend that this case could have been brought in SDFL and provide reasoning for why SDFL would have subject-matter jurisdiction (Dkt. No. 29 at 5), personal jurisdiction (*Id.* (arguing that, "to the extent this Court finds that the Astera Defendants are subject to personal jurisdiction in Texas, then they are subject to personal jurisdiction in Florida for the same reasons"), and venue (*Id.*).

Plaintiff disputes that Defendants have adequately shown that SDFL would have personal jurisdiction. Dkt. No. 40 at 3-4.

The Court disagrees. We have already found that Plaintiff has sufficiently demonstrated that this District has personal jurisdiction over Defendants at the pleadings stage. *See generally* Report and Recommendation on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) and for Failure to State a Claim under Rule 12(b)(6) (Dkt. No. 25). For the reasons Defendants articulate (*see supra*), we further agree that SDFL would have personal jurisdiction under these facts.

Accordingly, Defendants have shown that this case could have been brought in the transferee district of SDFL.

### B. Balancing the Private and Public Factors

The Fifth Circuit directs the Court to avoid a mere tallying of the factors in resolving this dispute. *See In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."); *see also SQIP, LLC v. Cambria Co., LLC*, No. 4:23-CV-202-SDJ, 2024 WL 1346498, at *2 (E.D. Tex. Mar. 29, 2024) ("[C]ourts are not to merely tally the factors on each side."). To that end, the Court considers not only each factor's outcome but also its weight to determine whether the actual convenience of the proposed transferee forum is "clearly more convenient" than that of this district. *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 310 (5th Cir. 2024) (quoting *In re Clarke*, 94 F.4th at 508).

#### i. Private Interest Factors

##### a. Cost of Attendance for Willing Witnesses

The first private factor is the cost of attendance for willing witnesses, which has been described as the most important factor to weigh. *In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Courts properly give more weight to the convenience of non-party witnesses than to party witnesses. *See Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 870-71 (E.D. Tex. 2012). The Fifth Circuit uses what is known as the "100-mile rule": when the distance between the transferor and proposed transferee venues exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 201; *In re Genentech*, 566 F.3d at 1343; *In re Apple Inc.*, 979

F.3d 1332, 1341 (Fed. Cir. 2020). However, courts do not just consider how long and far a witness must travel—courts also may consider costs such as "meal and lodging expenses; and absence from work, family, and community." *In re Clarke*, 94 F.4th at 514 n.20 (citing *In re TikTok*, 85 F.4th 352, 361 (5th Cir. 2023)). This factor "attempts to internalize and minimize those costs by favoring the venue that is more convenient from the perspective of willing witnesses." *Id.* at 514.

For this factor, Defendants point to "third-party witnesses from ICD and Chauvet,"[1] "ElectraLED's witnesses and the named inventors of the '245 Patent," and the "Astera Defendants' witnesses that are based in Munich, Germany." Dkt. No. 29 at 9-10.

Problematically, however, is that—with the exception of the "named inventors of the '245 Patent," and the ICD witnesses (*See infra* Section III.B.i.b)—none of these witnesses are named or are otherwise identified with any specificity. As a result, the Court assigns little weight to them, as considering these individuals without more information would amount to mere tallying of witnesses available in each forum.

A court should "not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008). Instead, a court should "qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Id.*; *Seven Networks, LLC v. Google LLC*, 17-cv-441, 2018 WL 4026760, at *8 (E.D. Tex. Aug. 15, 2018) (the convenience factor analysis is more than "a judicial numbers game" of simply counting the prospective witnesses on each side).

Further, with respect to Defendants' Munich, Germany witnesses, these are also entitled to little weight because "[t]he comparison between the transferor and transferee forums is not altered

---

[1] Importers of Defendants' accused products. *See infra* Section III.B.ii.b.

6

by the presence of other witnesses . . . in places outside both forums" *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014).

Plaintiff, in turn, argues that "Astera's Texas distributors, including Time Matters Entertainment, are in Plano, Texas." *Id.* at 8. Like Defendants, however, Plaintiff also does not identify any witness with sufficient specificity. For the same reasons stated above, the Court assigns little weight to these witnesses.

Plaintiff also argues that Defendants' identified ICD witnesses should be given less weight because the instant factor "primarily concerns the convenience of nonparty witnesses" (*Id.* at 7 (quoting *Seven Networks LLC v. Google LLC*, No. 2:17-cv-442, 2018 WL 4026760, at *10 (E.D. Tex. Aug. 15, 2018))), and Plaintiff argues that ICD should be considered party without offering any kind of explanation other than a citation to a previous case from this District (*Id.* at 7-8 (citing *Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, No. 2:19-cv-266, slip op. at 9 (E.D. Tex. Sept. 30, 2020))).

With respect to treating ICD as a party, the Court is unpersuaded. *Intertrust Techs. Corp.* was a situation in which a third party (Dolby) was considered a party to that litigation due to an indemnification agreement it had with the defendant. *Intertrust Techs. Corp.*, No. 2:19-cv-266, slip op. at 9. No such facts are present here. The record shows that ICD merely does business with Astera. If this were sufficient to have them considered a party, this would eviscerate the party/non-party distinction under § 1404.

Considering the situation as a whole then, the Court finds that the first factor tips in favor of transfer, due chiefly to (1) the named inventors of the asserted patent and (2) the ICD witnesses residing in Florida, who will have relevant knowledge relating at least to damages and

7

infringement.[2] As such, it will be more convenient for them to testify in SDFL rather than this District under the Fifth Circuit's 100-mile rule.

### b.      Availability of Compulsory Process

The next private factor is the availability of compulsory process to secure the attendance of unwilling witnesses.

Defendants argue that "material witnesses will come from non-party ICD, which is responsible for the importation, sale, distribution, service, and support of the Accused Products in the United States." Dkt. No. 29 at 7. Defendants specifically identify Ole Kaack, Noel Duncan, Filippo Frigeri, Ricardo Rodriguez, and Peter Martin as such ICD witnesses with relevant knowledge, all of whom reside in Florida. *Id.* at 7-8. Defendants further point to unnamed witnesses from Chauvet. *Id.* at 8.

In response, Plaintiff identifies Defendants' Texas distributors, including Time Matters Entertainment, who are in Plano, Texas. Dkt. No. 40 at 6. Plaintiff further identifies certain end customers of Defendants accused products, including Tesla, located in Austin. *Id.* at 6-7.

As a preliminary matter, for the same reasons discussed in Section III.B.i.a, the Court once again assigns little weight to Defendants' unnamed Chauvet witnesses. Further, a party may not rely on the same set of witnesses for both the compulsory-process factor and for the willing-witness factor, which undercuts the weight associated with the ICD witnesses under this factor. Likewise, the Court assigns little weight to Plaintiff's unnamed Time Matters Entertainment and Tesla witnesses.

---

[2] For example, ICD witnesses will have relevant knowledge concerning importation of accused instrumentalities. *See infra* Section III.B.ii.b.

While Defendants have pointed to a greater number of sources for witnesses, the Court notes that neither Party has shown that any of these individuals would actually be unwilling.[3] The availability of compulsory process or subpoena power to secure the attendance of unwilling witnesses "receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *In re Planned Parenthood Fed'n Am., Inc.*, 52 F.4th 625, 630-31 (5th Cir. 2022) (citations omitted).

Overall then, the parties have pointed to a series of witnesses located in both forums that may have relevant knowledge, but none of whom have been specifically identified as unwilling. Thus, at best, both forums have (possibly unnecessary) subpoena power over multiple potential witnesses. Accordingly, the Court finds this factor to be neutral.

c. Ease of Access to Sources of Proof

Turning to the third factor, relative ease of access to sources of proof, Defendants argue that ElectraLED, as a Florida company that does not have offices or employees in this District, will have all of its relevant sources of proof in Florida. Dkt. No. 29 at 6. They further argue that "documents related to the Accused Products are located in SDFL, where ICD, the importer and exclusive distributor of the Accused Products in the United States, is located." *Id.* Such documents include "importation and sales records of the Accused Products, Accused Product manuals, and training materials about the Accused Products." *Id.*

Plaintiff responds, arguing that "all [of] ElectraLED's documents are physically stored in EDTX at the Law Offices of Garteiser Honea, PLLC located in Tyler, Texas." Dkt. No. 40 at 5.

---

[3] While Plaintiff specifically points out that Defendants' failure to state that its pointed-to witnesses would be unwilling means that they are entitled to less weight (Dkt. No. 40 at 6), Plaintiff itself also fails to assert and explain why its own pointed-to Time Matters Entertainment and Tesla witnesses would be unwilling (*See generally id.* at 6-7).

9

As a preliminary matter, the Court finds that Plaintiff's argument that all of ElectraLED's documents are at its counsel's offices to be unpersuasive. The First Amended Complaint states that

> ElectraLED produces high-quality, energy-efficient, commercial LED lighting products. With a broad and continually developing product offering, ElectraLED provides an array of solutions focused on commercial LED lighting needs. ElectraLED is proud to be made in the U.S.A., and ElectraLED's mission is to provide the most economical, expertly engineered and rigorously tested LED illumination products with unparalleled service and support to customers worldwide.

Dkt. No. 15 at ¶ 33. As a Florida company—a point which Plaintiff does not dispute (*See generally* Dkt. No. 40)—it is quite simply unlikely that an active business entity would have *all* its relevant physical evidence in the hands of its lawyers. Accordingly, this is entitled to reduced weight.

Turning to Defendants' sources of proof, the Court agrees that the documents held by ICD are both relevant and that it is easier to access them in SDFL. Accordingly, this factor weighs in favor of transfer.

### d. Other Practical Problems

The final private factor is concerned with other practical problems, particularly those related to judicial economy. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010).

Defendants argue that there are no other practical problems since this case is in its early stages, with only limited discovery conducted as of the filing of the instant Motion. Dkt. No. 29 at 11.

Plaintiff argues that the patent-in-suit is also asserted in three other cases pending in this Court: *ElectraLED, Inc. v. Chauvet & Sons, LLC*, No. 2:24-cv-00511 (E.D. Tex.); *ElectraLED,*

10

*Inc. v. Traxon Technologies Limited,* No. 2:24-cv-00741 (E.D. Tex.) and *ElectraLED, Inc. v. LMPG Inc.*, No. 2:25-00338 (E.D. Tex.). Dkt. No. 40 at 8. Further, as of the filing of the instant Motion, "[n]o defendant in those co-pending cases has filed a motion to transfer venue pursuant to 28 U.S.C. § 1404." *Id.* Thus, asserts Plaintiff, transferring the instant case to SDFL would cut against judicial economy because resources would be conserved by maintaining this action in this Court along with the co-pending cases. *Id.* (citing *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013)). Plaintiff also argues that "Astera waited 7 months to file their transfer motion," and that this further weighs against transfer. *Id.* at 9.

The Court finds that this factor weighs against transfer. Regarding Plaintiff's diligence argument, while the Court does not find Defendants' delay of seven months to be unacceptably long under the facts and circumstances of the instant case, we nonetheless agree that as a result of the delay, the Court has already expended resources on becoming familiar with the issues here. With respect to Plaintiff's co-pending cases argument, the Federal Circuit has made clear that "a district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *In re EMC Corp.*, 501 F. App'x at 976.

Thus, overall, the Court agrees with Plaintiff and finds that this factor weighs against transfer.

### ii. Public Factors

#### a. Court Congestion

The Parties do not dispute, and the Court agrees, that this factor is neutral. *See* Dkt. No. 29 at 12; *compare* Dkt. No. 40 at 9.

#### b. Local Interest

11

Defendants argue that "SDFL's local interest is significant because this lawsuit "calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community." Dkt. No. 29 at 12 (emphasis omitted). Specifically, they assert that "[t]his case was brought by a Florida resident, ElectraLED, which is seeking relief based on the importation and sales of the Accused Products by another Florida resident, ICD. Moreover, ElectraLED seeks relief based on a patent, the '245 Patent, whose named inventors are from Florida. Additionally, Chauvet, yet another Florida resident, is noted as a key source of relevant information and is also accused of infringing the '245 Patent, further underscoring Florida's strong local interest in adjudicating this case." *Id.*

Plaintiff responds, arguing that "[t]he Court should not consider Astera' argument in favor of the SDFL" because "Astera's responses to venue discovery have clearly shown the products at issue were designed, developed and tested in China," and that these are the events which give rise to the instant suit, which is the proper focus. *See* Dkt. No. 40 at 9-10.

As Plaintiff correctly points out, the Fifth Circuit directs courts to consider "the significant connections between a particular venue and the *events* that gave rise to a suit," not "the parties' connections to the venue." *In re Clarke*, 94 F.4th at 511 (emphasis added). In other words, the analysis is concerned with "the interest of *non-party citizens* in adjudicating the case." *Id.* (emphasis in original) (internal citations omitted). Despite this, Plaintiff's arguments still do not carry the day for this factor.

For example, 35 U.S.C. § 271 states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or *imports* into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271 (emphasis added). Here, Plaintiff does not dispute Defendants' assertion that the accused

12

instrumentalities are manufactured outside of the United States (*See* Dkt. No. 29 at 12; *compare generally* Dkt. No. 40), and even agrees that at least ICD is an importer of said instrumentalities (Dkt. No. 29 at 5 ("ICD is . . . the importer and distributor of the products in the United States.")). Because ICD is a Florida entity, and because its importation of the accused instrumentalities is an event that gives rise to the instant suit, this factor weighs in favor of transfer.

### c. Familiarity of the Forum with the Law that Will Govern the Case, and Conflict of Laws

The Parties do not dispute, and the Court agrees, that these factors are neutral. *See* Dkt. No. 29 at 13; *compare* Dkt. No. 40 at 10.

### D. CONCLUSION

After reviewing each factor—three weighing in favor, four neutral, and only one against—and accounting for each factor's weight, the Court finds that Defendants have carried their burden to show that SDFL is clearly more convenient than this District.

Accordingly, the Motion to Transfer is **GRANTED**.

**SIGNED this 26th day of September, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE