# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ElectraLED, Inc.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Astera LED Technology GmbH, Astera Manufacturing Limited and Astera Distribution Limited,**<br><br>    Defendants. | Case No. 2:24-cv-00512-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S <u>EMERGENCY</u> MOTION FOR RECONSIDERATION OF MEMORANDUM ORDER GRANTING TRANSFER (DKT. NO. 67)

Pursuant to Federal Rule of Civil Procedure 54(b), Local Rule CV-7(h), and this Court's inherent authority, Plaintiff ElectraLED, Inc. ("ElectraLED") respectfully moves for reconsideration of the Court's September 29, 2025, Memorandum Order (Dkt. No. 67) ("Order") granting Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the Southern District of Florida ("SDFL"). The Order constitutes a manifest error of law, as it misapplied the governing Fifth Circuit standards for transfer by (1) failing to independently assess whether the case "might have been brought" in the SDFL for each Defendant, and (2) failing to properly weigh the private and public interest factors by ignoring that overwhelming majority of the most crucial evidence needed – to prove both (a) infringement and (b) the total amount of unlicensed products imported into the U.S. – is located overseas with the accused infringers, not in the SDFL, the location of just one non-party, a distributor named ICD Displays &

Controls, Inc. ("ICD").[1]

Reconsideration is warranted to correct these errors and preserve judicial economy in light of co-pending cases asserting the same patent in this District. Transfer has not yet been effectuated, and no prejudice will result from reconsideration.

## I.     Relief Sought

ElectraLED seeks an order: (1) staying to case pending resolution of this motion for reconsideration; (2) vacating the September 29, 2025, Memorandum Order granting transfer to the SDFL; and (3) denying Defendants' Motion to Transfer Venue (Dkt. No. 29), thereby retaining the case in this District.

## II.    Issues Presented

Whether the Court committed manifest error by granting transfer under 28 U.S.C. § 1404(a) without independently assessing whether venue and personal jurisdiction would be proper in the SDFL for each Defendant—Astra LED Technology GmbH ("Astera Germany"), Astera Manufacturing Limited ("Astera China"), and Astera Distribution Limited ("Astera Hong Kong") (collectively, "Astera" or "Defendants")—as required by Fifth Circuit precedent and this District's caselaw, including *Iarnach Technologies Ltd. v. Charter Communications Inc.*, No. 2:24-cv-00230-JRG, 2025 WL 509445, at *3 (E.D. Tex. Feb.14, 2025) ("*Iarnach*") (Exhibit 1).

Whether the Court committed manifest error in its analysis of the private interest factors by failing to weigh that key infringement evidence (*e.g.*, technical documents and total import data) is located overseas, not in the SDFL.

Whether the Court committed manifest error in its analysis of the public interest factors,

---

[1] ICD is not a necessary party and is irrelevant to this case, as neither the Defendants nor the Plaintiff added ICD to this lawsuit. Not surprisingly, ICD is not listed on any parties' Initial and Additional Disclosures served on or about November 29, 2024.

particularly the local interest factor, by focusing on tangential connections to Florida rather than the events giving rise to the suit, such as the nationwide infringement, the accused products' design and development outside the United States, and the overseas location of evidence regarding infringement and total unlicensed imports.

## III. Facts Necessary to Understand the Issues

### A. Background of the Case

ElectraLED designs, manufactures, and sells high-quality, energy-efficient LED lighting products for commercial applications. ElectraLED holds U.S. Patent No. 7,651,245 (the "'245 Patent"), which covers innovations in LED illumination technology.

On July 10, 2024, ElectraLED filed this patent infringement action against Defendants, foreign entities based in Germany, China, and Hong Kong. ElectraLED alleges that Defendants infringe the '245 Patent by making, using, offering for sale, selling, and/or importing infringing LED lighting products (the "Accused Products") into the United States. The Accused Products are designed, developed, and tested in China and Germany, with importation and distribution handled in part by third-party entities, including ICD Displays & Controls, Inc. ("ICD"), a Florida-based importer, and Chauvet & Sons, LLC ("Chauvet"), another Florida entity. Key evidence to prove infringement, including technical specifications, design documents, and data on the total volume of unlicensed imports into the U.S., is located overseas with Defendants.

Defendants have no regular and established place of business in Texas but sell the Accused Products nationwide, including through distributors in Texas such as Time Matters Entertainment in Plano, Texas, and end customers like Tesla in Austin, Texas. ElectraLED maintains relevant patent infringement litigation documents in this District at the offices of its counsel, Garteiser Honea, PLLC, in Tyler, Texas.

This case is one of four related actions asserting the '245 Patent in this District:

1. *ElectraLED, Inc. v. Chauvet & Sons, LLC*, No. 2:24-cv-00511 (E.D. Tex. 2024);

2. *ElectraLED, Inc. v. Traxon Technologies Limited*, No. 2:24-cv-00741 (E.D. Tex. 2024); and

3. *ElectraLED, Inc. v. LMPG Inc.*, No. 2:25-cv-00338 (E.D. Tex 2025).

None of the defendants in these co-pending cases has moved to transfer venue under Section 1404.

**B. The Motion to Transfer and the Court's Order**

On February 14, 2025—seven months after the complaint was filed—Defendants moved to transfer the case to the SDFL under 28 U.S.C. § 1404(a), arguing convenience based on ElectraLED's Florida location, the inventors' residence in Florida, and ICD's role as an importer in Florida.

On September 29, 2025, Magistrate Judge Roy S. Payne issued the Order granting the motion. The Court found that the case could have been brought in the SDFL, as it has subject-matter jurisdiction, personal jurisdiction over Defendants (mirroring this District's jurisdiction), and venue under 28 U.S.C. § 1400(b).

However, the Court assumed personal jurisdiction over Astera China and Astera Hong Kong based solely on its prior finding for Astera Germany in the Report and Recommendation on the motion to dismiss (Dkt. No. 25), without independently analyzing each Defendant's contacts with Florida or confirming whether Rule 4(k)(2) applied uniformly to each.

Analyzing the private and public interest factors under *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (*Volkswagen I*), and *In re Clarke*, 94 F.4th 502 (5th Cir. 2024), the Court concluded as follows.

**Private Factors:**

*Cost of attendance for willing witnesses*: Slightly favors transfer due to Florida-based inventors and ICD witnesses, though many witnesses (including Defendants' in Germany) are outside both districts,

and Texas-based distributors were given little weight for lack of specificity.

*Availability of compulsory process:* Neutral, as neither party showed unwillingness, and potential witnesses exist in both districts.

*Ease of access to sources of proof:* Favors transfer, crediting ICD's Florida documents over ElectraLED's documents in Texas counsel's offices (deemed unpersuasive).

The Court failed to weigh that critical infringement evidence, such as technical designs and total import volumes, is overseas.

*Other practical problems:* Weigh against transfer due to the Defendants' seven-month delay and co-pending cases.

**Public Factors:**

*Court congestion:* Neutral.

*Local interest:* Favors transfer, focusing on ICD's importation in Florida as an "event giving rise to the suit" under 35 U.S.C. § 271, while undervaluing the overseas location of infringement evidence and nationwide sales.

*Familiarity with governing law and avoidance of conflict of laws:* Neutral.

The Court held that, overall, Defendants met their burden to show the SDFL is "clearly more convenient," with three factors favoring transfer, four neutral, and one against. The Order did not address this District's precedent in *Iarnach Technologies Ltd. v. Charter Communications Inc.*, No. 2:24-cv-00230-JRG, 2025 WL 509445 (E.D. Tex. Feb. 14, 2025) ("*Iarnach*"), which denied transfer for failure to show venue proper for each defendant in the transferee district. *Iarnach*, 2025 WL 509445, at *3. No objections were filed to the Order, and it became final.

Here, transfer has not yet been effectuated, as the case remains docketed in this District.

### IV. Legal Standard for Reconsideration

Under Federal Rule of Civil Procedure 54(b), the Court may reconsider and revise interlocutory orders at any time before final judgment. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Reconsideration is appropriate to correct manifest errors of law or fact, account for newly discovered evidence, or prevent manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Local Rule CV-7(h) permits motions for reconsideration where necessary to address such errors.

This motion is timely, as it is filed within 14 days of the Order, and is of an emergency nature to prevent unnecessary transfer, ensure proper judicial administration, and avoid disruption to co-pending cases.

### V. Argument

The Order reflects manifest errors of law warranting reconsideration. Although mandamus is available for venue errors under Federal Circuit precedent, *see In re ZTE (USA) Inc.*, 890 F.3d 1008, 1011 (Fed. Cir. 2018) (mandamus appropriate for § 1400(b) violations to ensure "proper judicial administration"), ElectraLED seeks reconsideration to allow this Court to correct its errors without appellate intervention.

#### A. The Court Committed Manifest Error in Determining the Case "Might Have Been Brought" in the SDFL Without Independent Analysis for Each Defendant

As a threshold matter, the Court committed manifest error by assuming personal jurisdiction in the SDFL over Astera China and Astera Hong Kong based solely on its prior finding for Astera Germany, without independent analysis. The movant must demonstrate that the action "might have been brought" in the transferee district as to every defendant. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*); *In re SK hynix Inc.*, 847 F. App'x 847, 852 (Fed. Cir. 2021) (focusing on whether the action could have been brought against "all defendants"). Personal jurisdiction must be assessed individually for each defendant. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of

*International Shoe*, however, must be met as to each defendant . . .").

This District's precedent in the *Iarnach* is directly analogous and was not addressed in the Order. In *Iarnach*, Judge Gilstrap denied transfer to the District of Colorado because the movants failed to show venue proper under § 1400(b) for every defendant, including a subsidiary without contacts or infringing acts in Colorado. *Iarnach*, 2025 WL 509445 at *3. The court rejected arguments imputing a parent's actions to a subsidiary for venue purposes and emphasized that venue must be established independently. *Id.* at 6 (refusing to find venue proper where one defendant "has no places of business in Colorado and has not committed acts of infringement in Colorado").

Here, the Court treated Defendants collectively, relying on the Report and Recommendation (Dkt. No. 25), which addressed "Defendants" as a group. Order at 4.

But Defendants are distinct foreign entities with potentially different U.S. contacts: Astera Germany (design/sales), Astera China (manufacturing), and Astera Hong Kong (distribution). Even for foreign defendants, where venue is proper in any district under *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706 (1972), and *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018), personal jurisdiction under Rule 4(k)(2) requires a defendant-specific inquiry into U.S. contacts. S*ee Synthes, Inc. v. G.M. dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009).

Since 1960, the Supreme Court has plainly stated that "Defendants have the burden of showing that the case could have been brought in the transferee forum irrespective of consent or waiver."[2]

But the Court's Order recites an assumption—"to the extent this Court finds that the Astera Defendants are subject to personal jurisdiction in Texas, then they are subject to personal jurisdiction in Florida for the same reasons" (Order at 4)—bypasses this requirement and improperly shifts the burden.

---

[2] *Fundamental Innovation Sys. Int'l LLC v. LG Elecs., Inc.*, No. 216CV01425JRGRSP, 2018 WL 279091, at *3 (E.D. Tex. Jan. 3, 2018), *objections overruled*, No. 2:16-CV-01425-JRG-RSP, 2018 WL 837711 (E.D. Tex. Feb. 13, 2018) (*citing Hoffman v. Blaski,* 363 U.S. 335, 340-44 (1960)).

*See Fundamental Innovation Sys. Int'l LLC v. LG Elecs., Inc.*, 2018 WL 279091, at *3 (E.D. Tex. Jan. 3, 2018) (rejecting "if it is good enough for Texas, it is good enough for [transferee]" as burden-shifting). This error mirrors the deficiency in *Iarnach* and warrants reconsideration to enact immediate intervention to ensure proper judicial administration.

Defendants also failed to allege acts of infringement in the SDFL attributable to each Defendant, providing an independent basis for denial. *Iarnach*, 2025 WL 509445, at *3 (failure to attribute acts to specific defendants fatal); *see also Mullen Industries LLC v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00049-JRG, 2025 WL 904389 *3 (March 25, 2025) (J. Gilstrap) (Defendants failed to allege acts of infringement in other forum to satisfy Section 1404(a) was fatal to transfer motion); *Monterey Research, LLC v. Renesas Electronics Corporation*, No. 2:24-CV-00238-JRG, 2025 WL 1953107 *2 (E.D. Tex. July 16, 2025) (J. Gilstrap) ("Defendants' failure to allege in the Motion that they commit alleged acts of infringement in [the Northern District of California] is an independent basis for determining that this action could not have been brought in the [Northern District of California].").

On this basis alone, transfer should be denied. *Iarnach*, 2025 WL 509445, at *4 ("Since Defendants cannot carry their burden on the threshold issue of showing that venue would be proper in the District of Colorado as to all Defendants, the Court need not consider the private and public interest factors.")

### B. The Private Interest Factors Do Not Support Transfer

The Court committed manifest error by misapplying Fifth Circuit law, which requires the movant to "clearly demonstrate" the transferee venue is "clearly more convenient" with "significant" marginal gains. *In re Clarke*, 94 F.4th at 508-09. The Court engaged in improper "tallying" without weighing the relative importance of the factors. *See In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013).

*Ease of Access to Sources of Proof*: The Court erred by dismissing ElectraLED's Texas-stored documents as "unpersuasive," ignoring that evidence relevant to this patent infringement litigation is often centralized with counsel for the patentee. *See In re TikTok, Inc.*, 85 F.4th 352, 360 (5th Cir. 2023).

Critically, key evidence—technical designs, manufacturing records, and total unlicensed import data—is overseas, neutral between districts. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). ICD's documents are not dispositive, as nationwide sales are not Florida-localized and infringing imports are not limited to just imports to ICD. This factor is neutral.

*Cost of Attendance for Willing Witnesses:* Florida inventors and ICD witnesses were favored, but Texas witnesses (*e.g.,* Time Matters, Tesla) were discounted inconsistently. Foreign witnesses do not favor one district. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014). Marginal inconvenience is not "significant" under the "100-mile rule." *Volkswagen II*, 545 F.3d at 317. Neutral at best.

*Availability of Compulsory Process:* Neutral, but Defendants identified no unwilling witnesses, reducing weight. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630-31 (5th Cir. 2022).

Texas's subpoena power over actual distributors outweighs speculation.

*Other Practical Problems:*. Judicial economy favors retention with co-pending cases. "[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *Optimum Imaging Techs. LLC v. Sony Corp.*, No. 4:23-CV-928-ALM, 2025 WL 904380, at *7 (E.D. Tex. Mar. 25, 2025) (J. Mazzant) (*citing In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)) (Exhibit 2); *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013).[3] Defendants' delay expended resources here and claim construction briefing has started in this case but also now in other co-pending cases involving the same patent, where, under Patent Local Rule on October 1, 2025, co-defendant Traxon has just provided preliminary claim constructions in

---

[3] Even the SDFL Courts favor keeping cases with one patent asserted in the same district. *See e.g. Blue Gentian, LLC v. Telebrands Corp.*, No. 12-81169-CIV-MIDDLEBROOKS, 2013 WL 12096624 (S.D. Fla. Jan. 24, 2013) ("Since [Patentee] claims it will seek to consolidate all of the pending cases in that District if this case is transferred, I find that transferring this case will prevent inconsistent rulings and thus serve the interest of justice.")

*ElectraLED, Inc. v. Traxon Technologies Limited*, No. 2:24-cv-00741 (E.D. Tex. 2024).

This factor weighs against transfer.

The private factors do not show "clear" convenience in SDFL.

### C. The Public Interest Factors Do Not Support Transfer

Like the private factors, the public interest factors also do not show "clear" convenience in SDFL.

*Local Interest:* The Court erred by overemphasizing ICD's importation, ignoring nationwide infringement, and overseas design. Local interest focuses on "events that gave rise to a suit." *In re Clarke*, 94 F.4th at 511. Overseas evidence diminishes Florida's interest. Texas has a strong interest in local sales.

This interest factor is against transfer or neutral at worst, definitely does not support "clearly more convenient" to transfer litigation.

The remaining factors are neutral.

Respectfully, the Order's conclusion misapplies the law. *See Volkswagen I*, 371 F.3d at 203.

## VI. Conclusion

For the reasons stated above, ElectraLED respectfully requests the Court to reconsider and vacate the Order and deny transfer. *See Iarnach*, 2025 WL 509445, at *3.

Dated:  October 8, 2025

Respectfully Submitted

*/s/ Christopher A. Honea*
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**ATTORNEYS FOR PLAINTIFF ELECTRALED, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system on this day.

*/s/ Christopher A. Honea*
Christopher A. Honea