IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ElectraLED, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Astera LED Technology GmbH, Astera Manufacturing Limited and Astera Distribution Limited,<br><br>    Defendants. | Case No. 2:24-cv-00512-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is the "Emergency Motion for Reconsideration" of the grant of transfer, filed by Plaintiff ElectraLED, Inc.. **Dkt. No. 68**. For the reasons discussed below, the Motion is **DENIED**.

### I. BACKGROUND

By way of background, on February 14, 2025, Defendants Astera LED Technology GmbH ("Astera Germany"), Astera Manufacturing Limited ("Astera China"), and Astera Distribution Limited ("Astera Hong Kong") (collectively, "Astera") filed a motion to transfer pursuant to 28 U.S.C. § 1404(a). Dkt. No. 29. After reviewing the briefing, exhibits, and other relevant documents related to that motion, the Court assessed the merits of it and ultimately issued an order granting transfer to the Southern District of Florida ("SDFL") on October 8, 2025. *See generally* Dkt. No. 67. Plaintiff now seeks reconsideration. Dkt. No. 68.

### II. LEGAL STANDARD

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212

F.R.D. 329, 331 (W.D. Tex. 2002); *accord Tex. Instruments, Inc. v. Hyundai Elecs Indus., Co.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999). Only three grounds permit granting a motion to reconsider: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim*, 212 F.R.D. at 332. A party should not simply rehash arguments that were previously made. *Id.* at 331. Rather, "litigants are expected to present their strongest case when the matter is first considered." *Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447-JRG-KNM, 2015 WL 4208754, at *1 (E.D. Tex. July 7, 2015) (quotation omitted); *see also Logantree, LP v. Fitbit, Inc.*, No. 15-cv-1575-JRG, 2016 WL 3460769, at *1 (E.D. Tex. Apr. 26, 2016) ("Plaintiff, having lost its venue gambit, asks this Court to reconsider its prior Order ... [but] points to no intervening change in law or new evidence not previously available.").

Reconsideration, therefore, is not to be lightly granted, as "reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. *Modern Am. Recycling Servs. v. Dunavant*, No. 10-3153, 2012 WL 2087443, at *2, 2012 U.S. Dist. LEXIS 79649, at *6 (E.D. La. June 8, 2012) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) and *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Dunavant*, 2012 WL 2087443, at *2, 2012 U.S. Dist. LEXIS 79649 at *6 (collecting cases).

2

### III. ANALYSIS

In the instant Motion for Reconsideration, Plaintiff advances several arguments, which the Court will take up in turn.

**A. Personal Jurisdiction**

First, Plaintiff argues that personal jurisdiction was not properly established in Astera's proposed transferee forum of SDFL as to Astera China and Astera Hong Kong, and that jurisdiction must be established for each individual defendant. Dkt. No. 68 at 6.

The Court rejects this assertion. While Plaintiff's proposition—that personal jurisdiction must be established for each defendant—is correct, Plaintiff's argument that this was not done here is unpersuasive.

First, Plaintiff spends a great deal of time pointing to this Court's prior ruling in *Iarnach* and arguing, for example, that because "Defendants . . . failed to allege acts of infringement in the SDFL attributable to each Defendant," this provides a basis for denying the motion to transfer. *Id.* at 7-8 (citing *Iarnach Techs. Ltd. v. Charter Commc'ns Inc.*, No. 2:24-CV-00230-JRG, 2025 WL 509445 (E.D. Tex. Feb. 14, 2025)). However, both *Iarnach* and allegations of acts of infringement in a proposed transferee forum concern only *venue*, not personal jurisdiction. Plaintiff only challenged the latter in its opposition to the motion to transfer and never disputed the propriety of SDFL vis-à-vis venue. Thus, this argument is waived. And regardless of waiver, Plaintiff's venue argument here is meritless on its face.

While it is indeed a requirement under 28 U.S.C. § 1400 that for venue to be proper in a particular forum, it must be a district where "the defendant has committed acts of infringement and has a regular and established place of business" (28 U.S.C. § 1400(b)), that provision does not apply to foreign entities (*See e.g. In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018)). Here,

there is no dispute that Astera German, Astera China, and Astera Hong Kong are all foreign defendants (*See* Dkt. No. 15 (Plaintiff's "First Amended Complaint") at ¶¶ 2, 5, 7; *compare* Dkt. No. 71 (Defendants' Opposition to the Instant Motion for Reconsideration) at 3 (". . . all Astera Defendants are foreign entities . . .")). As a result, venue is proper as to them in any judicial district where personal jurisdiction exists. *In re HTC Corp.*, 889 F.3d 1349.

Turning to personal jurisdiction proper, the Court found that it was adequately established for all Defendants in SDFL under the facts of the instant case. Dkt. No. 67 at 4. Plaintiff's accuses Defendants of having only made a 'if it is good enough for Texas, then it is good enough for Florida' style argument, which is insufficient. Dkt. No. 68 at 7-8 (citing *Fundamental Innovation Sys. Int'l LLC v. LG Elecs., Inc.*, No. 216CV01425JRGRSP, 2018 WL 279091, at *3 (E.D. Tex. Jan. 3, 2018), *objections overruled*, No. 2:16-CV-01425-JRG-RSP, 2018 WL 837711 (E.D. Tex. Feb. 13, 2018)). The Court is unpersuaded by this.

Amongst other considerations, stream-of-commerce is at play here—something Plaintiff itself acknowledges: "[t]his Court also has personal jurisdiction over Defendants[1] based on their introduction and delivery of infringing products and services into the *stream of commerce* with the expectation that such infringing products would be sold and/or used in this judicial district." First Amended Complaint at ¶ 21 (emphasis added). While Plaintiff points to the stream of commerce having its end point in this District, what Plaintiff fails to appreciate is that it has its *starting point* in the Southern District of Florida. And this is well reflected in the record. For example, one of Defendants' attachments to their motion to transfer acknowledges that "Inner Circle Distribution . . . is the exclusive *importer* and distributor of the Accused Products in the United States," and that it is "a Florida limited liability company" based out of "3300 Davie Road Suite 105 Davie,

---

[1] Plaintiff names the "Defendants" as all three Astera entities. Dkt. No. 15 at ¶¶ 2, 5, 7, 10-11.

FL 33314."[2] Dkt. No. 29-1 at ¶ 12 (emphasis added). Coupled with the fact that each Astera Defendant is involved with the Accused Products at issue,[3] and that the products are sold throughout the United States, this is sufficient to establish that the Defendants, individually and collectively, knowingly place these products into the stream of commerce with the intent that they be sold in SDFL. *See e.g. id.*; *see also* Dkt. No. 68 at 7. Plaintiff's further arguments are either irrelevant or are otherwise unpersuasive.

### B. Private and Public Interest Factors

Plaintiff's next argument is that "[t]he Court engaged in improper 'tallying' without weighing the relative importance of the factors. Dkt. No. 68 at 8.

This bears little discussion. As a preliminary matter, the Court itself pointed out that it is improper to simply tally factors. Dkt. No. 67 at 5. More importantly, the Court properly considered the relative weight of each factor in its assessment. *See e.g. id.* ("The first private factor is the cost of attendance for willing witnesses, *which has been described as the most important factor to weigh.*" (emphasis added)), 13 ("After reviewing each factor. . . *and accounting for each factor's weight . . . .*" (emphasis added)). This comes nowhere close to a manifest error of law as Plaintiff contends.

Beyond this, Plaintiff's contentions amount to nothing more than either (1) rehashings of the arguments already made in its opposition to the underlying motion to transfer (*See* Dkt. No. 68 at 8-10; *compare generally* Dkt. No. 40); or otherwise (2) mere disagreements with the Court's Order (*See e.g.* Dkt. No. 68 at 10). As discussed above, this is insufficient and militates against a different outcome. *See supra* Section II.

---

[2] This address lies within SDFL.
[3] For example, Defendants acknowledge that Astera China manufactures the Accused Products, and Astera Hong Kong is involved with their sales in the United States. Dkt. No. 29-1 at ¶ 8.

### C. New Evidence

Finally, in its Reply, Plaintiff argues for the first time[4] that there is now "New Evidence" which supports reconsideration. Dkt. No. 72 at 3. Specifically, Plaintiff points to the denial of Defendants' petition for *inter partes* review, in which Plaintiff asserts that "[t]he Director explained the patent-in-suit's 15-year term creates settled expectations, and the denial—citing the transfer—highlights the inefficiency of relocation." *Id.* (citing Dkt. No. 70-1).

In reality, the Director explained that transfer merely counseled against discretionary denial of institution because "the parallel district court proceeding has been transferred to the Southern District of Florida, and there is no indication that a trial date has been set. As such, it is likely that a final written decision in this proceeding will issue before district court trial occurs, reducing the concern of inconsistent outcomes or significant duplication of efforts." Dkt. No. 70-1 at 2. In other words, the Director was discussing the potential inefficiency of an IPR, not of transfer.

Regardless of the above, the denial of institution does not tip the scales. Transfer is still proper here given how heavily the factors weigh in favor of transfer.

### IV. CONCLUSION

For the reasons discussed above, the Motion is **DENIED**.

In accordance with Local Rule 83(b), the Clerk of Court is hereby directed to transfer this case to the Southern District of Florida in 21 days after the issuance of this Order.

**SIGNED this 29th day of October, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[4] While ordinarily a party may not raise a new argument for the first time in its reply (or sur-reply), the Court finds that it is acceptable here because the Director's decision denying institution of the IPR did not issue until after Plaintiff had filed its initial Motion. *See* Dkt. No. 68 (filed on October 8, 2025); *compare* Dkt. No. 70-1 at 1 (institution decision issued on October 10, 2025).